## Knight, Appellant, *v.* Somerton Hills Cemetery

*Affidavit of defense—Practice, C. P.—Money loan—Corporations.*

In an action against a corporation to recover moneys alleged to have been loaned to the company, an affidavit is sufficient to prevent judgment which avers that " the moneys in the plaintiff's statement of claim mentioned as having been loaned by the said plaintiff to the said defendant were not the moneys of the plaintiff, but were the proceeds of certificates placed in the hands of said plaintiff by C. and others in trust to sell and apply the proceeds to the purpose of the defendant."

*Affidavit of defense—Unnecessary averments*

Where an affidavit of defense contains facts sufficient for a good defense, sworn to positively as of affiant's own knowledge, it is unnecessary to add that affiant believes and expects to be able to prove them.

Argued Jan. 26, 1903. Appeal, No. 239, Jan. T., 1902, by plaintiff, from order of C. P. No. 5, Phila. Co., March T., 1902, No. 1045, discharging rule for judgment for want of a sufficient affidavit of defense in case of Samuel I. Knight v. Somerton Hills Cemetery. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Assumpsit to recover money alleged to have been loaned.

The defendant's affidavit of defense was as follows :

The moneys in the plaintiff's statement of claim, mentioned as having been loaned by the said plaintiff to the said defendant, were not the moneys of the plaintiff, but were the proceeds of certificates placed in the hands of said plaintiff by Reese Carpenter and others, in trust to sell and apply the proceeds to the purposes of the defendant. He was not the owner, but was acting in the matter as the agent of the said Carpenter, and for convenience the certificates were placed in his name. The receipts, of which copies are annexed, were executed by him to himself, and the seal of the company affixed without the authority of the board, and without the knowledge and authority of any officer of the company. Some months before suit was brought his authority to act in the matter was revoked, and he no longer has any interest in the claim which he now makes, nor right nor authority to represent the same, and the defendant is not indebted to him in any amount whatever.

The supplemental affidavit of defense was as follows:

Joseph Ogden, being duly sworn according to law, doth depose and say that in the original affidavit of defense deponent stated that the moneys claimed to have been loaned by the plaintiff to the defendant company were not his own, but were the proceeds of certain certificates placed in his hands by Reese Carpenter and others. In the supplemental brief submitted on behalf of the plaintiff it is alleged that the affidavit did not disclose the names of the principals, nor aver that the real owner has made demand for payment or had threatened suit.

In order to prevent any misapprehension, deponent asks leave to say further that he became vice president of the defendant company in January, 1899, and from that time until about November 1, 1901, the plaintiff never mentioned the existence of any such claim as he now sets up. About November 1, 1901, after he had left the office, the plaintiff first stated to the deponent that he had such a claim. Deponent expressed surprise, went to New York and made inquiry upon the subject, and was told by Reese Carpenter that he had placed certain certificates of interest in the company in the hands of Knight for sale, as his agent and trustee, with instructions to apply the proceeds to the uses of the company. It had not been determined in what way the company would be asked to recognize these advances, nor had there been any agreement as to the compensation he was to allow to the plaintiff. Reese Carpenter had been mainly instrumental in starting the company, and his relations to it and the other parties in interest were such that he did not wish to enforce repayment of the advances in such way as to endanger the operations of the company or to bring suit against it. Reese Carpenter further stated to deponent that the plaintiff's authority to act for him in the matter had been revoked and his agency ended. Deponent endeavored to secure interviews between the plaintiff and Reese Carpenter, with a view to adjustment, but the plaintiff refused to go to New York for the purpose.

Deponent therefore avers that Reese Carpenter was the owner of the certificates of interest placed in the hands of the plaintiff for sale ; that the plaintiff had no interest therein except to a reasonable compensation, for which he had been

willing to trust to Carpenter, without having any express agreement as to the amount; that the plaintiff's agency had been revoked before this suit was brought; and that Carpenter told these facts to the deponent, but had then, and has now, no purpose to enforce repayment by suit as by so doing he would impair his other interests in the company and prejudice those to whom the plaintiff, as his agent, had sold and delivered the certificates, for the proceeds of which he now brings suit.

The court discharged the rule for judgment for want of a sufficient affidavit of defense.

*Error assignment* was the order of the court.

*Joseph de F. Junkin*, for appellant.

*Richard C. Dale*, with him *Samuel Dickson*, for appellee.

PER CURIAM, May 4, 1903:

The affidavit of defense avers explicitly and positively that " the moneys in the plaintiff's statement of claim mentioned as having been loaned by the said plaintiff to the said defendant were not the moneys of the plaintiff, but were the proceeds of certificates placed in the hands of said plaintiff by Reese Carpenter and others in trust to sell and apply the proceeds to the purposes of the defendant." It is true that the affidavit is weakened somewhat by the concluding averment that deponent "is informed and believes and expects to prove" the said matters, which was unnecessary where the first part was stated positively as of his own knowledge. The supplemental affidavit enlarges the recital of facts and perhaps gives ground to infer that the whole story is not yet before the court. But in the face of the positive averment above quoted that the moneys sued for by plaintiff were not his own but were paid over by him as agent or trustee for the benefit of defendant, the court could not safely give judgment. The case is one for fuller development of the facts before a jury.

Judgment affirmed.